## STERN v CHAMBERLIN

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11042. Decided Nov 10, 1930

Joseph L. Stern, Cleveland ,for Stern.

Squire, Sanders & Dempsey, Cleveland, for Chamberlin.

VICKERY, PJ.

We recognize that where a court has abused his discretion in making an order, error can be predicated from the judgment of the trial court to the Court of Appeals, and if there has been an abuse of discretion in vacating a judgment or order, it might be reversible error. But we think in the instant case this question does not need to be decided, because the record shows that the motion to vacate was filed the next day after the judgment; that while this is called a "motion to vacate", it could and should be treated as a "motion for a new trial", and it being filed in time, if the court granted that motion, it would not be a final order from which error could be prosecuted, and that undoubtedly disposes of this question and makes unnecessary the discussion of the question as to whether the court abused its discretion in the instant case, for in the case of **Higgenbothen vs. Atwater, 31 O.C.A., 188,** this court held, opinion written by Judge Dunlap, that such an order was not reviewable, following the decision in the **99 Oh St page 453, Continental Trust and Savings Bank vs. Home Fuel and Supply Company,** where the court held in so many words that a motion to vacate the judgment that was taken in a cognovit filed within three days from the rendition of the judgment should and could be treated as a motion for a new trial, and where the trial court granted the same it was not such a final order or judgment that it could be reviewed on error. That case is exactly in point and following the decision of that case, makes it unnecessary to discuss the other question.

So, then, we have the case where a motion to vacate has been filed and granted, and such motion filed within three days,

to-wit, one day after the judgment was entered, is and should be treated as a motion for a new trial, and the record showing that is the only error for which it is sought to reverse the judgment of the court below, it follows that it not being thus reviewable, the petition in error should and must be dismissed.

We can come to no other conclusion than that the motion of the defendant in error to dismiss the petition in error for the reason that the making of the order complained of was not a final order and therefore is not reviewable is well taken, and the motion will be granted and the petition in error dismissed.

Levine and Cline, JJ, concur in judgment.